

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| D'ANGELO LEE, 37112-177, | § | |
|     Petitioner, | § | |
| | § | 3:14-CV-2799-M |
| v. | § | 3:07-CR-0289-M (02) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

Petitioner is one of fourteen defendants who were in indicted on charges related to an illegal kickback scheme between real-estate developers and officials with the City of Dallas, Texas. Petitioner was charged in Counts Ten through Twelve (conspiracy to commit bribery and specific counts of bribery), Counts Fifteen and Sixteen (conspiracy to commit extortion and one count of extortion), Count Eighteen (conspiracy to commit honest-services wire fraud), and Count Nineteen (conspiracy to commit money laundering). On October 5, 2009, a jury convicted Petitioner on all seven counts, but the district court entered a judgment of acquittal on Count Eighteen. On February 26, 2010, the court varied below the guideline range of 292 to 365 months and sentenced Petitioner to 168 months in prison. On August 2, 2013, the Fifth Circuit

Court of Appeals affirmed Petitioner's conviction and sentence.

On August 5, 2014, Petitioner filed the instant petition to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. He argues he received ineffective assistance of counsel when:

1. Counsel failed to determine whether the real estate development contracts were valid under Texas law;

2. Counsel failed to provide the court with an independent appraisal to establish the fair market value of the real estate projects and failed to conduct an analysis of how the downturn in the market affected the contract values;

3. Counsel failed to argue on appeal that the trial court erred in ordering Petitioner to pay Mandatory Victim Restitution for "sting money"; and

4. Counsel failed to argue on appeal that the trial court erred when it failed to conduct a *Garcia* hearing regarding Petitioner's prosecutorial misconduct and conflict of interest claims.

## II. Factual Background

The following factual background is taken from the Fifth Circuit's opinion on direct appeal. *See United States v. Reagan*, 725 F.3d 471, 477-78 (5th Cir. 2013).

> The appellants were four of fourteen defendants indicted by a federal grand jury on September 27, 2007.[1] During the time period covered by the indictment, roughly 2003 through 2005, Donald Hill was an elected member of the Dallas City Council, representing a South Dallas district. Dallas Council members had the power to nominate members of a number of city commissions, including the City Plan and Zoning Commission ("CPC"). On Hill's nomination, the City Counsel appointed D'Angelo Lee to the CPC in October 2003. Sheila Farrington, Hill's mistress and later his wife,

---

[1] The four appellants were Petitioner, Donald Hill, Sheila Farrington, and Darren Reagan.

purported to work as a consultant using the business name Farrington & Associates. Darren Reagan was the chairman and chief executive of the Black State Employees Association ("BSEAT") and the BSEAT Community Development Corporation ("BSEAT CDC").

The indictment alleged that the appellants had been involved in various capacities in illegal schemes related to attempts by two housing developers, Brian Potashnik and James "Bill" Fisher, to obtain public financing, zoning clearance, and political support for their rival housing development plans in Dallas. Specifically, Count 10 of the indictment charged Hill, Lee, and Farrington with having conspired to solicit bribes from Potashnik, in violation of 18 U.S.C. §§ 371 and 666. Counts 11 and 12 charged Hill and Lee with having solicited bribes from Potashnik, in violation of § 666, and Farrington with having aided and abetted the bribery. Count 15 charged Hill, Lee, Farrington, and Reagan with having conspired to extort Fisher in violation of 18 U.S.C. § 1951. Count 16 charged Hill and Lee with extorting Fisher, in violation of § 1951, Farrington and Reagan were charged with aiding and abetting that extortion. Count 17 charged Hill and Reagan with a separate instance of extorting Fisher, in violation of § 1951. Count 18 charged Hill, Lee and Farrington with honest services fraud, in violation of 18 U.S.C. § 1346. Count 19 charged Hill, Lee and Farrington with having conspired to commit money laundering, in violation of 18 U.S.C. § 1956(h), with respect to the funds obtained from bribery. Count 20 charged Hill and Reagan with the same with respect to the funds obtained from extortion.

### III. Discussion

**1. Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such

prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### A. Valid Contracts

Petitioner claims his counsel was ineffective because counsel failed to show the development contracts were not valid contracts under Texas law. Petitioner argues the development contracts were not lawful contracts, so the amount of the contracts could not be used to determine the loss amount for sentencing.

Petitioner's claim is without merit. Petitioner was convicted of bribery, conspiracy to commit bribery, extortion, conspiracy to commit extortion, and money laundering. Petitioner has failed to allege or show that the Government failed to prove any element of these offenses. Petitioner's claim that his counsel was ineffective for failing to argue the development contracts were not valid under Texas law should be denied.

### B. Loss Amount

Petitioner claims his counsel was ineffective for failing to provide the court with an independent appraisal of the value of the development contracts and a market analysis to determine the intended loss amount.

To determine the intended loss amount from counts 10 - 12, the PSR added: (1) the consulting agreement between Farrington and Associates and Potashnik's Southwest Housing

Development Company ("SWH") for $350,000 ($175,000 for two years) (PSR ¶ 34); (2) the agreement between Bright III and SWH whereby Bright III would pay a kickback to Farrington and Associates of $75,000 ($25,000 for three years) (PSR ¶ 33); (3) the agreement between the Urban League and SWH whereby the Urban League would pay a kickback to Farrington and Associates of $15,000 ($5,000 for three years) (PSR ¶ 33); (4) a $79,500 kickback paid on the concrete contracts for the Arbor Woods development (PSR ¶ 45); (5) a $1,200,000 kickback on the Laureland and Scyene developments (PSR ¶ 46); and (6) $9,950 collected for Defendant Hill's birthday party (PSR ¶ 42.) This amount totaled $1,729,450. (PSR ¶ 103.)

To determine the loss amount from counts 15 - 16, the PSR added: (1) $2,800,000 for the proposed contracts between BSEAT and Fisher for the Dallas West Village and the Homes of Pecan Grove developments (PSR ¶ 76); (2) $7,000 in extortion Fisher paid to Reagan that was given to Petitioner (PSR ¶ 76); and (3) $180,000 for the attempted extortion amount from Fisher for subcontracts with RA-Mill, which was a partnership involving Reagan (PSR at ¶ 80.) This amount totaled $2,987,000. (PSR ¶ 104.) The total for all counts was the $1,729,450 plus the $2,987,000, which equaled $4,716,450.

Under the sentencing guidelines, an intended loss amount of $4,716,450 resulted in an increase of 18 levels, which resulted in a total offense level of 40, and a guideline range of 292-365 months. USSG § 2B1.1(b)(1)(J); PSR ¶ 119.

Petitioner's claim that the loss amount should have been based on an appraisal or market analysis is without merit. Under § 2B1.1, the loss amount is the greater of the actual loss, or the intended loss. USSG § 2B1.1 cmt. n.3. The amounts used in the PSR were the amounts Defendants intended to illegally obtain through their kickback and extortion schemes. These

schemes actually inflated the contract amounts to cover the illegal payments. PSR ¶¶ 45-80.

Moreover, even if the court used actual loss, rather than intended loss, Petitioner's sentence would not have changed. The actual loss amount was $383,000. (Sent. Tr. at 180-81.) Under USSG § 2B1.1(b)(1)(G), twelve levels would have been added instead of 18 levels, resulting in a total offense level of 34, and a sentencing guideline of 151 to 188 months. The court sentenced Petitioner to 168 months. The court clarified that had it used actual loss instead of intended loss, its sentence would have been the same. The court stated:

> This is the sentence that I think is appropriate for the offense that you committed, and so on when the Fifth Circuit reviews the Court's determination under the guidelines, I will say that whether or not, for example, I acquitted on count 18, my sentence would have been the same, and whether I used the lower numbers on the actual amounts paid, my sentence would have been the same.
>
> So I hope that the Fifth Circuit will recognize in reviewing my sentence that is what I would do.
>
> The Court determines, Mr. Lee, than an appropriate sentence for you is a total of 168 months, which is 14 years in custody.

(Sent. Tr. at 266.) Petitioner's ineffective assistance claim is without merit and should be denied.

### C. Restitution

Petitioner claims his counsel was ineffective for failing to challenge the restitution order. A claim challenging restitution is not properly raised under § 2255. *Campbell v. United States*, 330 Fed. Appx. 482, 483 (5th Cir. 2009) (citing *United States v. Hatten*, 167 F.3d 884, 887 n.5 (5th Cir. 1999)); *see also United States v. Segler*, 37 F.3d 1131, 1135 (5th Cir. 1994) (stating claim of ineffective assistance of counsel for failure to challenge fine is not cognizable under § 2255); *Padilla v. United States*, Nos. EP-12-CV-392-PRM, EP-10-CR-745-PRM-1, 2013 WL 8476167 at *7 (W.D. Tex. Oct. 24, 2013) (stating claim of ineffective assistance of counsel for failure to

challenge restitution order is not cognizable under § 2255). Petitioner's claim should be denied.

### D. *Garcia* Hearing

Petitioner claims appellate counsel was ineffective for failing to argue that the district court erred when it failed to hold a *Garcia* hearing. A *Garcia* hearing is required where a court finds a conflict of interest between a defendant and his counsel. *United States v. Garcia*, 517 F.2d 272, 278 (5th Cir. 1975), *abrogated on other grounds by Flanagan v. United States*, 465 U.S. 259, 263 & n.2 (1984); *see also, United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006). The hearing is held to ensure a valid waiver of any conflict.

Petitioner states the prosecutor's husband was a partner at the law firm of Haynes and Boone, which represented Bill Fisher. He also claims Haynes and Boone represented Darren Reagan and BSEAT during the government's investigation. Petitioner claims this created a conflict of interest and also constituted prosecutorial misconduct.

On direct appeal, the Fifth Circuit determined that the district court did not abuse its discretion in failing to hold a *Garcia* hearing or to otherwise investigate the claims. The Fifth Circuit stated, "none [of the claims] presented an instance of conflicted counsel that would have necessitated such a hearing on Sixth Amendment grounds, or required an investigation with respect to any other type of conflict of interest." *Reagan*, 725 F.3d at 488. Petitioner has failed to show his counsel was ineffective for failing to raise this claim. Counsel was not required to make meritless arguments. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

2.  **Recommendation**

For the foregoing reasons, the Court recommends that the petition to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 1 day of Sept, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).