IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| D'ANGELO LEE, 37112-177,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§ | 3:14-CV-2799-M<br>3:07-CR-0289-M (02) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

## I. Procedural Background

Before the Court is Petitioner's motion for relief from judgment under Fed. R. Civ. P. 60(b). For the foregoing reasons, the Court finds the motion should be construed as a successive petition under 28 U.S.C. § 2255 and transferred to the Fifth Circuit Court of Appeals.

Petitioner was one of fourteen defendants who were in indicted on charges related to an illegal kickback scheme between real-estate developers and officials with the City of Dallas, Texas. Petitioner was charged in Counts Ten through Twelve (conspiracy to commit bribery and specific counts of bribery), Counts Fifteen and Sixteen (conspiracy to commit extortion and one count of extortion), Count Eighteen (conspiracy to commit honest-services wire fraud), and Count Nineteen (conspiracy to commit money laundering). On October 5, 2009, a jury convicted Petitioner on all seven counts, but the district court entered a judgment of acquittal on Count

Eighteen. On February 26, 2010, the court varied below the guideline range of 292 to 365 months and sentenced Petitioner to 168 months in prison. On August 2, 2013, the Fifth Circuit Court of Appeals affirmed Petitioner's conviction and sentence.

On August 5, 2014, Petitioner filed a petition to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. On September 1, 2015, the magistrate judge entered findings, conclusions, and a recommendation that the petition be denied. On September 5, 2015, Petitioner filed an interlocutory appeal with the Fifth Circuit Court of Appeals. On September 21, 2015, the district court denied the petition on the merits. On December 16, 2015, the Fifth Circuit dismissed Petitioner's interlocutory appeal for lack of jurisdiction. *Lee v. United States*, No. 15-10887 (5th Cir. Dec. 16, 2015).

On March 22, 2017, Petitioner filed the instant Rule 60(b) motion. He argues he has new evidence that the government failed to disclose evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Petitioner's motion attacks the judgment of conviction in his criminal case. Such a motion is properly construed as a petition under to 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence."); *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990) (same).

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence

that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2241 and 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another motion for post-conviction relief is filed.

### III. Recommendation

The Court recommends that the Rule 60(b) motion be construed as a petition to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 and that the petition be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 20 day of November, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).